UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA JORDAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-02786-WBV** |
| **JASON KENT, ET AL.** | **SECTION D(2)** |

## ORDER

The Court, having considered the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and the Objections filed by petitioner, Joshua Jordan,[3] hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

### I.   PETITIONER'S OBJECTIONS

On November 27, 2019, the Magistrate Judge issued a Report and Recommendation to the Court. Thereafter, on January 13, 2020, the Petitioner objected to the Magistrate Judge's Report and Recommendation based upon: (1) sufficiency of the evidence; and (2) the state trial court's denial of the motion to suppress statement, the same two errors addressed in Petitioner's direct appeal to the Louisiana Court of Appeal for the First Circuit, as well as the basis for his Petition for habeas relief.[4]

---

[1] R. Doc. 3.
[2] R. Doc. 19.
[3] R. Doc. 22.
[4] R. Doc. 22.  The Court notes that Petitioner's objections were timely-filed following the granting of Petitioner's Motion for Extension of Time to File Objections (R. Docs. 20 & 21).

Regarding his objection that the evidence was insufficient, Petitioner argues that the evidence showed that Breann Nolan had oxycodone pills on her when she was transferred to the hospital.[5] Further, Petitioner argues that his mother testified during the trial that she suspected that Ms. Nolan had stolen the pills.[6] In light of that evidence, Petitioner claims that the jury reached the wrong conclusion in finding him guilty beyond a reasonable doubt and, therefore, the Magistrate Judge was incorrect to uphold that jury verdict.[7] Regarding Petitioner's objection to the state trial court's denial of his motion to suppress statement, Petitioner states that "the transcripts are clear and overwhelming evidence that Mr. Jordan was promised, coerced and duped into offering the statement that he gave Ms. Nolan one [hydrocodone] pill."[8] Petitioner asserts that the Magistrate Judge's finding that the transcripts of the suppression hearing "more than adequately support the state court's determination that Jordan's inculpatory statement was free and voluntary" was incorrect.[9] Petitioner does not point to any new evidence or testimony in support of his objections that was not provided to the Magistrate Judge.

The Court notes that both of Petitioner's objections are addressed extensively in the Magistrate Judge's Report and Recommendation.[10] A review of the Magistrate Judge's Report and Recommendation reveals that he had access to, and referenced, the entire trial transcript, as well as the appellate briefs. This Court has the same.

---

[5] R. Doc. 22 at p. 4.
[6] *Id*. at pp. 3-4.
[7] *Id*. at p. 4.
[8] *Id*.
[9] R. Doc. 22.
[10] *See* R. Doc. 19.

Specifically, beginning on page 11 of the Magistrate Judge's Report and Recommendation, the Magistrate Judge details his review of the sufficiency of the evidence to support Petitioner's conviction.[11] The Magistrate Judge addresses the law regarding circumstantial and direct evidence and notes that, on federal habeas review, the Court must apply the standard as set forth in *Jackson v. Virginia*.[12] He then proceeds to detail the requirements under the law to establish guilt for distribution of oxycodone in violation of La. R.S. 40:967(A)(1),[13] and, after a thorough review of the evidence adduced during the trial, concludes that, "The evidence at trial was more than sufficient to prove to a reasonable jury each element of distribution of oxycodone by Jordan."[14] This Court agrees with the Magistrate Judge's review and analysis, finding that it sufficiently addresses the issue, including Petitioner's objection regarding the sufficiency of the evidence.

The Magistrate Judge also conducted a thorough analysis of Petitioner's claim that the trial court incorrectly denied his motion to suppress his inculpatory statement.[15] The Magistrate Judge recognized that Petitioner made the same claims to the trial judge regarding promises of help from law enforcement, which Petitioner argues prompted his inculpatory statement.[16] The state trial court viewed the video recording of the statement and then conducted a full evidentiary hearing regarding its admissibility, ultimately concluding that Petitioner's statement was voluntarily

---

[11] *Id*. at p. 11.
[12] *Id*. at p. 12 (citing *Jackson*, 443 U.S. 307 (1979)).
[13] R. Doc. 19 at pp. 15-16.
[14] *Id*. at p. 21.
[15] *Id*. at pp. 21-28.
[16] *Id*. at pp. 22-24.

made and was not given because of any promises or coercion. Upon review, the Magistrate Judge concluded that, "The transcripts of the suppression hearing and trial more than adequately support the state courts' determinations that Jordan's inculpatory statement was free and voluntary."[17]

The Court has also reviewed the entire record, including the portion reflecting the hearing on the oral motion to suppress the inculpatory statement,[18] and confirms the Magistrate Judge's finding that the law enforcement officer denied making any promises, threats or coercion against Petitioner, despite vigorous questioning by counsel. As noted by the Magistrate Judge, habeas standards of review oblige federal judges to respect credibility determinations made by the state court trier of fact.[19] This Court agrees with the Magistrate Judge's review and analysis, finding that it sufficiently addresses the issue, including Petitioner's objection regarding the trial court's denial of the motion to suppress the inculpatory statement. The Court further notes that Petitioner did not provide any additional evidence or arguments that were not available and considered by the Magistrate Judge. Finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a

---

[17] *Id.* at p. 28.
[18] State Court Record, Vol. III at pp. 382-403.
[19] R. Doc. 19 at p. 24.

certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[20]  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further.[21]  The Court finds that Joshua Jordan's Petition fails to satisfy this standard.  Accordingly, the Court will not issue a certificate of appealability.

## II.     CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of Joshua Jordan for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, this 21st day of September, 2020.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Court**

---

[20] 28 U.S.C. § 2253(c)(2).
[21] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).